In the Matter of the Claim of HARRY KAUFMAN, Respondent, against CAR WHOLESALERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of the Workmen's Compensation Board. The sole issue is whether the relationship of employer-employee existed between Car Wholesalers, Inc., and claimant at the time of the accident. Claimant was hired by Car Wholesalers, Inc., about two years before the accident. His duties were to pick up cars purchased by the employer, to deliver cars sold by employer, and to run errands such as going to the license bureau for plates. He was paid a flat fee for each pickup and delivery, fixed in accordance with mileage, and a flat fee for errands. Each week he was given a check for the total of his fees, less withholding tax and social security contributions. Several men were likewise employed by Car Wholesalers, Inc. They reported for work each day and were called in turn to perform a particular assignment. On or about August 11, 1955, claimant was instructed by Car Wholesalers, Inc., to pick up a car in New Rochelle, N. Y., bring it to the employer's place of business, have it billed to a customer in Virginia, then deliver the car to the Virginia customer. If he delivered the car to the customer he was instructed to collect the amount of the invoice for the car, plus the driving charges. It was customary on out-of-town deliveries for the purchaser to pay the driving charges in addition to the price of the car. Appellants suggest that claimant was either an independent contractor or an employee of the purchaser, but their real contention is that there is no substantial evidence that claimant was an employee of Car Wholesalers, Inc., while he was en route to deliver the car to a purchaser in Virginia, when he sustained accidental injuries. There was no direct communication of any kind between claimant and the purchaser. All of his instructions were given to him by Car Wholesalers, Inc., including an instruction that if he failed to collect the amount of the invoice he was to return the car to New York. In such an event his driving charges were to be paid by Car Wholesalers, Inc. While perhaps different inferences could be logically drawn from the evidence as to claimant's relationship, there is ample evidence to support the board's conclusion that the claimant was an employee of Car Wholesalers, Inc. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.